IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.: AW-12-039 |
| ANTHONY MCINTOSH | * | |

\*   \*   \*   \*   \*

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE IN TRAINING MATERIALS TO "DELIBERATE INDIFFERENCE"

The Defendant Anthony McIntosh, through counsel, moves for an Order excluding from evidence any definition of or reference to the term "deliberate indifference" in training materials provided to correctional officers in the Prince George's County Department of Corrections. As grounds therefore, he states the following:

1. During the grand jury proceedings in this case, the government called as a witness Anthony Holliday, an employee of the Prince George's County Department of Corrections.

2. While testifying Mr. Holliday read from a book entitled "Correctional Law for the Correctional Officer," a book allegedly provided to correctional officers in training.

3. In particular, Mr. Holliday read the following excerpts from the book that relate to the legal term "deliberate indifference":

> a. Medical care. Medical care is often the subject of a separate lawsuit that focuses just on the medical service delivery system. The question will be whether the medical system is so deficient as to show deliberate indifference to a serious medical need of the inmate.
> ...
> b. Failure to respond to medical emergencies can create liability.[1]
> ...

---

[1] According to Mr. Holliday, this excerpt was included in a case study entitled "Don't Die on My Shift."

        c. Knowledge of a serious medical need, plus a failure to respond equals deliberate indifference.[2]

        ...

        d. A failure to respond properly to a suicide attempt once it is detected may be the basis of a claim.

        ...

        e. The message from these cases is that officers need to treat any suicide as a medical emergency and respond as quickly as they can on that basis, consistent with fundamental security concerns in the institution.

Holliday Fed. Grand Jury Tr. at 21-23.

    4. At trial, the government and its witnesses must be precluded from making any reference to this manual or any other training material's definition of "deliberate indifference."[3] Whether Mr. McIntosh acted with deliberate indifference is an essential element of the charged offense (Count One) of violating 18 U.S.C. § 242. To prove this element under the statute and the Due Process Clause, the government must prove beyond a reasonable doubt that Mr. McIntosh had "subjective knowledge of a substantial risk of serious harm to a pretrial detainee" and that he responded with "deliberate indifference to that risk." United States v. Gonzales, 436 F.3d 560, 573 (5th Cir. 2006); see generally Farmer v. Brennan, 511 U.S. 825, 832-51 (1994) (prison official may be held liable under Eighth Amendment for acting with "deliberate indifference" to inmate's health or safety only if he knows inmate faces substantial risk of

---

[2] This was followed by this exchange between the government lawyer and the witness:
Q: So failure to respond to an inmate's serious medical need can give rise to liability, either in civil or criminal proceedings?
A: Yes, sir.
Q: And that's what this case study is about?
A: Mm-hmm.
Holliday Fed. Grand Jury Tr. at 22.

[3] In this motion, the defense seeks to exclude not only reference to the term "deliberate indifference" in the training manual but any other reference to this term except in the jury instructions and in argument by counsel.

serious harm and disregards that risk by failing to take reasonable measures to abate it). This constitutional and statutory standard is not reflected in the training manual quoted above.

    5. The jury must make its decision regarding the question of whether Mr. McIntosh acted with "deliberate indifference" based on the facts and the jury instructions, not on references to training materials which do not articulate the proper legal standard.

    6. Accordingly, any reference to the manual or other training material's definition of "deliberate indifference" must be excluded. See also Woods v. Lecureux, 110 F.3d 1215, 1221 (6th Cir. 1997) (no abuse of discretion for district court to determine that it would prejudicially confuse jury to hear testimony "deliberate indifference" in civil rights case).

> Respectfully submitted,
>
> JAMES WYDA
> Federal Public Defender
>
>     /s/
> DEBORAH L. BOARDMAN #28655
> Assistant Federal Public Defender
> Office of the Federal Public Defender
> 100 South Charles Street
> Tower II, Ninth Floor
> Baltimore, Maryland 21201
> Phone: 410-962-3962
> Fax: 410-962-0872
> Email: deborah_boardman@fd.org
>
> LAKEYTRIA W. FELDER #93579
> Assistant Federal Public Defender
> Office of the Federal Public Defender
> 6411 Ivy Lane
> Suite 710
> Greenbelt, Maryland 20770
> Phone: 301-344-0600
> Fax: 301-344-0019
> Email: lakeytria_felder@fd.org